Filed 3/27/25  P. v. Jones CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DONALD JONES,<br><br>    Defendant and Appellant. | C101679<br><br>(Super. Ct. No. 99F00663) |

Defendant Donald Jones appeals from a postconviction order under Penal Code section 1172.6.[1]  Appointed counsel for Jones asked this court to independently review the record, pursuant to *People v. Wende* (1979) 25 Cal.3d 436, to determine whether there are any arguable issues on appeal.  We have exercised our discretion to conduct such a

---

[1]     Undesignated statutory references are to the Penal Code.

1

review and will affirm the trial court's order. (See *People v. Delgadillo* (2022) 14 Cal.5th 216, 231-232.)

## BACKGROUND

One night in January 1999, Jones went to a makeshift shelter under a tarp behind a liquor store where D.C. and his girlfriend C.O. were living. Jones threw back the tarp and saw C.O. by the light of a streetlamp while D.C. remained in the dark. Jones pointed a gun at C.O. and demanded "everything you got." D.C. started to explain they had nothing. Jones fired five times, shooting C.O. in the chest and killing her and shooting D.C. in the hand. Jones fled the scene. When interviewed by detectives, Jones said he went to the shelter to steal something, not expecting anyone to be there, and fired the gun when he saw D.C. reach for something. Detectives found the gun where Jones said he hid it. Bullets taken from the victim's body and the scene were matched to the gun.

A jury found Jones guilty of first degree murder (§ 187, subd. (a); count one) and found true Jones intentionally and personally discharged a firearm in the commission of this crime (§ 12022.53, subd. (d)). The jury further found Jones guilty of assault with a firearm (§ 245, subd. (a)(2); count three), finding true that Jones personally used a firearm (§ 12022.5, subd. (a)(1)) and caused great bodily injury (§ 12022.7, subd. (a)). The trial court sentenced Jones to an indeterminate term of 25 years to life on count one, plus 25 years to life consecutive for the firearm enhancement, and a determinate term of three years on count three, plus three years for the firearm enhancement and four years for the great bodily injury enhancement, for an aggregate term of 60 years to life. This court affirmed the judgment. (*People v. Jones* (Mar. 15, 2002, C035570) [nonpub. opn.].)

In June 2022, Jones filed a form petition under former section 1170.95 (renumbered § 1172.6). The trial court appointed counsel for Jones, received briefing from the parties, conducted a hearing, and issued an order to show cause. The parties submitted further briefing, and the trial court conducted an evidentiary hearing. The trial court relied on the reporter's and clerk's transcripts from Jones' trial as evidence. On

June 7, 2024, the trial court denied the petition, finding that based on the record Jones was the actual killer and only participant in the killing.

Jones filed a timely notice of appeal.

DISCUSSION

Jones' appointed counsel has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Jones was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. Counsel also advised Jones that if he failed to file a supplemental brief, the appeal may be dismissed. More than 30 days have passed, and Jones has not filed a supplemental brief.

In *People v. Wende*, the California Supreme Court held that "Courts of Appeal must conduct a review of the entire record whenever appointed counsel submits a brief on direct appeal which raises no specific issues or describes the appeal as frivolous." (*People v. Delgadillo*, *supra*, 14 Cal.5th at p. 221.) The *Wende* procedure applies "to the first appeal as of right and is compelled by the constitutional right to counsel under the Fourteenth Amendment of the United States Constitution." (*Ibid*.)

In *People v. Delgadillo*, our high court considered whether the *Wende* process applies to a trial court's order denying a petition for postconviction relief under section 1172.6 and concluded that such procedures are not required. (*People v. Delgadillo*, *supra*, 14 Cal.5th at pp. 221-222.) If the defendant submits a supplemental brief, the appellate court must evaluate the arguments raised in the brief but is not required to conduct an independent review of the record to identify unraised issues. (*Id.* at p. 232.) If, as here, the defendant does not file a supplemental brief, the appellate court may dismiss the appeal as abandoned. (*Ibid.*) In that case, however, an appellate court may exercise its discretion to conduct its own independent review of the record. (*Ibid.*) Accordingly, we will exercise our discretion to conduct an independent review of Jones' case for any arguable issues.

3

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to Jones.

DISPOSITION

The order denying the petition is affirmed.

_____/s/_____
EARL, P. J.

We concur:

_____/s/_____
HULL, J.

_____/s/_____
KRAUSE, J.

4